### OBSTRUCTIONS IN THE AISLES OF STREET CARS.

Circuit Court of Hamilton County.

THE CINCINNATI TRACTION CO. v. AMELIA HAMBURGER.

Decided, July 16, 1910.

*Street Railways—Passengers Properly Permitted to Carry Packages and Bundles Into the Cars—No Recovery for a Passenger Who was Injured by Falling Over Such an Obstruction.*

It is not negligence on the part of a street railway company to permit passengers to carry packages and bundles into the cars; and no recovery can be had by a passenger for injuries sustained in attempting to get around and over a basket and box which had been placed in the aisle by other passengers, where the injured passenger had made no request to the conductor or otherwise that the obstructions be removed.

Plaintiff recovered a judgment against the traction company of $1,350 in the court below.

*Miller Outcalt* and *J. W. Heintzman*, for plaintiff in error.
*Horstman & Horstman*, contra.

SWING, J.; GIFFEN, P. J., and SMITH, J., concur.

This is an action in this court on error to the judgment of the Superior Court of Cincinnati. In the latter court the defendant in error recovered a judgment against the plaintiff in error for personal injuries received while a passenger on plaintiff in error's car. The gist of plaintiff's action is thus stated in her petition:

"That defendant * * * negligently permitted passengers who were seated in the same seat with plaintiff and in such position that she was required to pass by them to get out of said car; to place in front of them between the seats and in the space through which plaintiff was required to pass to get out of said car a very large basket and a very large box, which basket and box were placed upon the floor of said car at the feet of the respective passengers who had carried the same into said car; that the defendant thereby caused the passage-way out of said car, which plaintiff was required to use to get out of the same, to be negligently obstructed; further, that as plaintiff was about to leave

said car, after having signaled the conductor to that effect and while such basket and box were obstructing her exit, the conductor in charge of the operation of said car negligently called to the plaintiff to hurry up and get out of said car, and that such obstruction was so negligently placed therein with the knowledge and consent of said conductor, and further, by reason of the negligent conduct of said conductor in unduly hastening her exit from said car, the plaintiff as she was attempting to get around said basket and box and over the same twisted her right leg at the knee so that she sustained a very severe injury.''

The defendant company answered setting up a general denial, and further alleging that if plaintiff was injured that she negligently contributed to her injury.

During the argument in this court counsel stated to the court that the allegations in the petition as to the conductor having negligently hurried the plaintiff to get out of the car was withdrawn from the jury, when the plaintiff in her testimony testified that the conductor called to her to hurry up when she was on the running board of the car in the act of stepping off, and this evidence would not support the charge in the petition.   No journal entry was made to this effect, but if necessary this could be remedied by a *nunc pro tunc* entry on suggestion of a diminution of the record.

The case therefore was submitted to the jury on the allegation of the negligence of the company in permitting passengers to place a *large* basket and a *large* box between the seats of the car in which plaintiff was riding.   It is evident that no direct injury was inflicted on the plaintiff by the placing of these articles between the seats; the injury, if any, was caused by plaintiff in attempting to pass around or over these obstructions.   In her evidence plaintiff says the injury was caused in passing by the basket.   The evidence shows that the plaintiff saw these obstructions and that she did not request the owners of the parcels or the conductor to remove them so that she could pass out, but took the chance of her passing by them with safety.   There is no positive evidence that shows that the conductor knew that these parcels obstructed the exit of the plaintiff; the evidence does tend to show that the conductor had knowledge that the passengers took these parcels with them when they boarded the car.

It is a matter of common knowledge that passengers on street cars take with them parcels of different kinds which they commonly carry on the streets. This is evidently a reasonable and proper use of the cars, and if passengers were prohibited from so using the cars it would deny to the public a right for which the cars were created. And one entering a car must be held to do so with knowledge that other passengers may have with them parcels of the character mentioned.

There is evidence in the record to the effect that these parcels were very large, both basket and box—the basket as large as a large clothes basket and the box from 2½ to 3 feet wide. The plaintiff was seated in the fourth seat.

It is a matter of common knowledge that the distance between the seats of these summer cars is very limited, not to exceed 17 or 18 inches, and therefore no basket which could properly be called a very large basket and no very large box, 2½ or 3 feet wide, could be placed between these seats, and it is certainly self-evident that no large clothes basket could possibly be placed between these seats, and therefore it is evident that the size of these parcels can not be correctly described as being very large, but on the contrary, they must be deemed as being of ordinary size.

The syllabus in the case of *Van Winkle* v. *Railroad Co.,* 46 Hun., p. 564, is as follows:

"A street railroad company is not chargeable with negligence for permitting passengers to place baskets between their feet; passengers attempting to pass over the obstruction assume the risk and danger of so doing."

In the opinion the court say:

"Neither do we conclude that the defendant or its agents were chargeable with negligence or inattention for permitting one passenger to carry his basket in the car and place it on the floor between his feet and another to take with him his umbrella. It is quite usual and customary for passengers to carry with them hand bags and baskets and umbrellas and other small parcels, and no rule is shown for their exclusion. It may become the duty of conductors to cause their removal upon complaint of inconvenience or annoyance or obstruction to other passengers, but without some such complaint or request we are unaware of any

rule which would require their removal. If this plaintiff had requested the conductor to clear the passage-way for her exit from the car, it would have been his duty to comply with her request, and so far as the case discloses the facts the conductor of the car was without knowledge of any obstruction in the passage-way between the seats. Our examination fails therefore to disclose any negligence of the defendant, and it is unnecessary to make any examination respecting the contributory negligence of the plaintiff. Yet upon this point it is to be said that the plaintiff, with full knowledge of the obstruction in her pathway, undertook to pass unassisted between the two men over the basket and umbrella, and by that act plaintiff assumed all the dangers and risks of such a passage, and the disastrous results of such hazardous undertaking can not be charged against the defendant.''

We regard this as sound law, and as the facts in that case are very similar to the facts in this case, we are of the opinion that the law as thus stated clearly applies to the case at bar. If we are correct in this view the plaintiff can not recover under the pleadings and the evidence. And the defendant having moved the court to direct the jury to return a verdict for the defendant at the conclusion of all the evidence, it should have been granted. The judgment will therefore be reversed and judgment rendered for plaintiff in error.